UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JIMMIE LEE WILLIAMS,

       Petitioner,

v.                                     Case No. 1:03-CV-259

MARY BERGHUIS,                     HON. GORDON J. QUIST

       Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objections To Magistrate's Report and Recommendation dated May 12, 2005, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied. Having conducted a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted.

Petitioner raised fifteen grounds for relief in his petition. The magistrate judge recommended that all grounds should be rejected as being noncognizable state law claims, procedurally defaulted, or without merit. In his objection, Petitioner takes issue only with the magistrate judge's conclusion regarding Ground 3, in which Petitioner alleged prosecutorial misconduct. In particular, Petitioner argued that the prosecutor's improper comments undermined his right against self-incrimination. The prosecutor made the first comment during trial in connection with his objection to Petitioner's non-verbal responses to the testimony of Detective Postma. After excusing the jury to discuss the matter with counsel, the trial court instructed the jury about Petitioner's right to remain silent and advised the jurors to disregard any movements by Petitioner. The prosecutor's second remark

occurred during closing arguments when the prosecutor addressed Petitioner's conduct during a witness' testimony. With regard to the first comment, the Michigan Court of Appeals held that reversal was not required because the error did not contribute to the verdict, there was substantial evidence to convict Petitioner, the defendant's right to remain silent was not raised at any other point during the trial, and the trial judge issued a cautionary instruction and confirmed the jury's understanding of Petitioner's right against self-incrimination. With regard to the second comment, the Michigan Court of Appeals noted that Petitioner failed to preserve the issue for review but nonetheless reviewed the issue. The court held that while the prosecutor's comment was improper, it did not require reversal. The magistrate judge concluded that the decision of the Michigan Court of Appeals regarding the first comment was a reasonable application of established Supreme Court precedent and that the state court's conclusion that the error was harmless was reasonable. The magistrate judge held that Petitioner's argument regarding the second comment was procedurally defaulted and that Petitioner failed to show cause for the default.

In his objection, Petitioner argues that the prosecutor's references to Petitioner's right against self-incrimination, in conjunction with the sketchy identifications of the perpetrator, rendered the trial fundamentally unfair. The Court rejects this argument based upon the magistrate judge's thorough analysis in the report and recommendation. Petitioner fails to provide any basis for concluding that the Michigan Court of Appeals' application of Supreme Court precedent was unreasonable. Similarly, Petitioner fails to explain why the magistrate judge's conclusion that Petitioner failed to show cause for his procedural default regarding the prosecutor's comment during closing arguments is erroneous. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued May 12, 2005 (docket no. 28), is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's Objections To Magistrate's Report And Recommendation (docket no. 29) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED**.


Dated: July 21, 2005                                             /s/ Gordon J. Quist
                                                                                 GORDON J. QUIST
                                                           UNITED STATES DISTRICT JUDGE